UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STARLINDA BRANICK,<br><br>        Plaintiff,<br><br>   v.<br><br>PLEX, INC.,<br><br>        Defendant. | Case No. |

## COMPLAINT

Plaintiff Starlinda Branick ("Plaintiff"), through her undersigned counsel, brings this complaint against Plex, Inc. ("Defendant"), and asserts as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendant under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* and its implementing regulations, in connection with Defendant's failure to offer blind patrons the full and equal enjoyment of its streaming entertainment services.

2. Defendant offers consumers live and on-demand video streaming services through its website and mobile application, Plex, where consumers can access live TV and a library of TV shows and movies to watch at their leisure.

3. Defendant is responsible for its policies, practices, and procedures concerning its streaming services' development and maintenance.

4. Defendant, however, fails to offer audio description tracks – an audio track that blind and visually impaired people use to experience the exclusively visual portions of the show or movie enjoyed by consumers without visual impairments – with its video content.

5. Plaintiff is an individual with a visual disability who, at all times relevant for purposes of this action, has been legally disabled as defined by the ADA, 42 U.S.C. § 12102(2).

6. Plaintiff and others with visual disabilities who want to enjoy on-demand videos with audio descriptions must use streaming services other than Defendant's.

7. Although audio descriptions are widely available for TV shows and movies, Defendant refuses to make audio descriptions available to its consumers through its streaming services.

8. Because customers with visual disabilities cannot equally enjoy TV shows or movies without audio descriptions, Defendant deprives them of the same options, privileges, and advantages that it offers to people who can see.

9. Plaintiff seeks the following declaratory and injunctive relief: (1) a declaration that Defendant's lack of audio descriptions violates the ADA as described in this complaint; and, (2) an injunction requiring Defendant to provide audio descriptions and a mechanism to choose audio descriptions for its streaming services so that they are fully and independently accessible to blind or other vision impaired individuals.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11. Plaintiff's claims asserted in this complaint arose in this judicial district, and Defendant does substantial business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

13. Plaintiff Starlinda Branick is and, at all times relevant hereto, was a resident of this District. Plaintiff is legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff knows that audio descriptions are not available through Defendant's streaming services. She has not subscribed to Defendant's streaming services, as she knows trying to use the services would be futile.

14. Defendant Plex, Inc., operates a content streaming network with its headquarters located in San Jose, California.

## FACTUAL ALLEGATIONS

15. Defendant offers digital video-streaming services to millions of Americans through its platform, Plex.

16. Plex offers consumers the option to "Stream over 100 channels free" or "Stream over 20,000 free on-demand movies and shows from Warner Brothers, Crackle, Lionsgate, MGM and more."[1]

17. Users can watch Plex live or browse Plex's vast video selection, pick a program to stream, and start watching in the comfort of their own home within a matter of minutes.

18. Plex is available on streaming devices, gaming consoles, compatible Smart TVs, and web browsers on smartphones, tablets, and computers.

19. Plex is free to use, with premium features (such as downloading content for offline streaming) available for a fee.

---

[1] https://www.plex.tv/ (last accessed March 11, 2021).

20. Though Defendant may have centralized policies regarding the maintenance and operation of its streaming services, Defendant has never had a plan or policy that is reasonably calculated to make its streaming services fully accessible to, and independently made usable by, individuals with visual disabilities.

21. Plex's blind and visually impaired on-demand users and potential users do not have full access to Plex's video-streaming services because Defendant does not provide audio description tracks for video content provided on its platform.

22. Audio description is an auxiliary aid that allows blind and visually impaired people to have a full audio-visual experience.[2] It is an audio track that narrates the key visual elements of video content so that blind and visually impaired people can experience significant actions and text-based information provided onscreen. Audio descriptions provide, for example, descriptions of scenes, settings, costumes, body language, and other non-verbal cues that would otherwise be missed by a person who is blind or visually impaired, but can be seen by those without visual impairment.

23. Similar to closed captioning and subtitles, video providers offer audio description tracks as an option for the consumer to select during a TV show or movie.

24. Plex does not provide audio description tracks as an option for its live and on-demand users.

25. Because Plex does not provide audio description tracks, Plaintiff has not signed up for its streaming service that she otherwise would be able to enjoy.

---

[2] Congress defined auxiliary aids and services to include "…taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments[.]" 42 U.S.C. § 12103(1)(B).

26. Plaintiff is frustrated that Defendant denies her and other customers with visual disabilities the same convenience of streaming TV shows and movies it provides to customers without visual disabilities.

27. This technology is not novel or unique. Netflix, Amazon Prime, and Hulu are just a few examples of streaming services that offer audio descriptions for their content. Major production studios also now provide audio description tracks for wide-released features.

28. Pursuant to the Twenty-First Century Communications and Video Accessibility Act of 2010, many television channels are required to provide audio description for a certain number of hours of prime-time content. *See* 47 C.F.R. § 79.3.

29. Plex has the ability to provide audio descriptions but chooses not to. Indeed, at the time this complaint was drafted, the movies Bleeding Steel, Keanu, Kin, and Men, Women & Children were available to stream over Plex and Amazon Prime. All had audio description on Prime. None had audio description on Plex.

30. Despite there being audio description tracks available for much of the content that Plex has on its streaming platform, Defendant fails to provide such audio description tracks to its users.

31. Plaintiff seeks the same full and equal access to Defendant's live and on-demand streaming content that Defendant affords to people without vision loss.

32. Absent the relief requested in this matter, Plaintiff and individuals with visual disabilities will continue to be denied full and equal enjoyment of Defendant's streaming services.

## SUBSTANTIVE VIOLATION

### Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

33. The allegations set forth in the previous paragraphs are incorporated by reference.

34. Defendant's website and mobile application are places of public accommodation as defined by the ADA because they are, or are a part of, a "place of exhibition or entertainment," a "sales or rental establishment," a "service establishment," a "library," a "gallery," and/or a "place of public display or collection." 28 C.F.R. § 36.104; 42 U.S.C. § 12181(7). *See Morgan v. Joint Admin. Bd., Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers,* 268 F.3d 456, 459 (7th Cir. 2001); *see also Doe v. Mut. of Omaha Ins. Co.,* 179 F.3d 557, 558 (7th Cir. 1999).

35. Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

36. Title III of the ADA imposes statutory and regulatory requirements to ensure persons with disabilities are not excluded, denied services, segregated or otherwise treated differently than other individuals as a result of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. §§ 36.303(a), (c). Under these provisions, public accommodations must furnish appropriate auxiliary aids and services that comply with their effective communication obligations. *Id.*

37. Thus, to the extent Defendant does not provide Plaintiff with appropriate auxiliary aids or full and equal access to its website and mobile application, it has violated the ADA.

38. Auxiliary aids and services include "effective methods of making visually delivered materials available to individuals with visual impairments" such as audio description tracks. 42

U.S.C. § 12103(1)(B); *see also* 28 C.F.R. Part 36, Appendix C, Section 36.303 (noting that audio description services "may be considered appropriate auxiliary aids and services").

39. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. 28 C.F.R. §§ 36.303(c)(1)(ii). To this end, the Ninth Circuit has explained, "assistive technology is not frozen in time: as technology advances, [ ] accommodations should advance as well." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1163 (9th Cir. 2011).

40. By failing to provide its content and services in a manner that is compatible with auxiliary aids, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

   a) denying individuals with visual disabilities opportunities to participate in and benefit from the goods, content, and services available through its website and mobile application;

   b) affording individuals with visual disabilities access to its website and mobile application that is not equal to, or as effective as, that afforded to others;

   c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuate the discrimination of others who are subject to common administrative control;

   d) denying individuals with visual disabilities effective communication, thereby excluding or otherwise treating them differently than others; and/or

e) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford its services, privileges, advantages, or accommodations to individuals with visual disabilities.

41. Defendant has discriminated, and continues to discriminate, against Plaintiff by failing to provide auxiliary aids and services such as audio descriptions and not making its website and mobile application fully accessible to, and independently usable by, individuals with visual disabilities.

42. Because of Defendant's denial of full and equal access to blind or visually impaired users, Plaintiff has not signed up for or been able to enjoy Plex's website and mobile application.

43. Defendant's ongoing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to Plaintiff and other individuals with visual disabilities.

44. Plaintiff's claims are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

45. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its website and mobile application are fully accessible to, and independently usable by, individuals with visual disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its website and mobile application into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its website and mobile application are fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505;

e. Whatever other relief the Court deems just, equitable, and appropriate; and

f. An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders.

Dated: March 11, 2021            Respectfully Submitted,

By: /s/ *Kyle A. Shamberg*
Kyle A. Shamberg
**CARLSON LYNCH, LLP**
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
kshamberg@carlsonlynch.com

R. Bruce Carlson
Nicholas A. Colella (*Pro Hac Vice Forthcoming*)
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
bcarlson@carlsonlynch.com
ncolella@carlsonlynch.com

*Counsel for Plaintiff*